## DAVID BREWER *vs.* FITCH WINCHESTER.

If the maker of a promissory note given in part payment of the purchase money of land sold under a power of sale contained in a mortgage has refused to accept a deed executed in the manner prescribed by the terms of the power of sale, when presented to him, assigning as the sole reason therefor that he was unable to pay the purchase money therefor, he cannot afterwards defeat an action on the note in favor of the payee, on the ground that at the time of the sale the mortgagor was dead.

CONTRACT on a promissory note of $300. In the superior court, *Morton,* J. ordered judgment for the plaintiff on an agreed statement of facts, which are sufficiently stated in the opinion; and the defendant appealed.

*P. C. Bacon,* for the defendant.

*T. G. Kent,* for the plaintiff.

HOAR, J. The defendant purchased an estate which the plaintiff sold under a power of sale in a mortgage, and gave the note declared on in part payment of the purchase money. The plaintiff tendered a deed of the premises, with full covenants of warranty, within the time limited by the conditions of sale; but the defendant refused to accept it, on the sole ground that he was unable to procure the money necessary to fulfil his contract, and said that he should prefer to forfeit the sum for which he had given his note, without making any objection to the sufficiency of the title.

The defendant now alleges in his defence that the mortgagor was dead at the time of the sale; that the plaintiff was bound to give him a perfect title to the land; and was unable to do so because the power in the mortgage deed could not then be executed.

It appears from an examination of the mortgage that it gave the mortgagee a right upon a sale " to execute and deliver in his own name, or in the name of the mortgagor, a good and sufficient deed to the purchaser." Without deciding the important and interesting question, whether, under such a deed, the estate of the mortgagee was of such a character that he could not proceed to complete the conveyance after the death of the

33 *

mortgagor, we are of opinion that the defence cannot avail the defendant in this action. It is not denied that a perfect title might have been made by a release from the heirs of the mortgagor, nor that equity would require them to execute the contract of their ancestor. It thus appears that the defect of title was one which the plaintiff might have supplied, if he had seasonable notice that an objection was made on that account By making no suggestion of the kind, but putting his refusal to complete the contract wholly on other grounds, the defendant must be held to have waived any objection to the sufficiency of the conveyance, which it might have been in the power of the plaintiff to remedy. The precise point was decided by Lord Tenterden at *nisi prius,* in the case of *Todd* v. *Hoggart,* Mood. & Malk. 128. On a principle precisely similar, it was said by Lord Thurlow, that taking possession might amount to an admission by a purchaser that he had no objection to the title. *Calcraft* v. *Roebuck,* 1 Ves. Jr. 225. A doctrine quite analogous obtains in many other cases. Thus a tender of bank bills is held to be sufficient, when no objection is made that it is not a tender of coin, but the party to whom it is made assigns other reasons for his refusal to accept it. *Expressio unius est exclusio alterius.* Upon the facts agreed, there must be

*Judgment for the plaintiff.*